George Starke, J.
This is a holdover proceeding by the landlord-lessee (a statutory tenant) to obtain possession of suite 918 in premises 225 West 34th Street, New York City, from its tenant and undertenants.
The landlord is a domestic corporation having its principal place of business at 225 West 34th Street, New York City. It has been the lessee of rooms 918 and 919 for about 15 years, the last lease (a renewal agreement) having been executed on January 10,1955 for a period ending January 31,1958. The rooms are adjacent units, but separate and distinct. It always sublet either one or both suites with the consent and knowledge of the major landlord (owner of the building). Until 1951, the landlord retained suite 918 for its own use exclusively. Until then, it owned and operated several retail stores and used the space for receiving shipments from manufacturers, checking, marking, and then entering and shipping the merchandise to the various stores as the merchandise was needed. Due to a heart attack suffered by its president and main officer, the corporation sold all of its stores with the exception of one in Hackensack, New Jersey, and then arranged to have all manufacturers’ shipments sent directly to its Hackensack store. Thus, having no *880 real need for room 918, it commenced subletting this space in 1951 (with the consent of the major landlord).
In January, 1956, when the subtenant previous to Rothfeld moved from room 918, the landlord herein rented the space to its accountant, Aaron Rothfeld, on a month to month basis. There was an understanding between them that the landlord herein would continue to occupy said suite to the extent that it could keep there certain fixtures as well as its desk and filing cabinet containing all the records and papers of the corporation. The landlord was to have free access to the suite and its name was to remain on the door and on the directory of the building. During all this time, the subtenant, Rothfeld, paid rent to the landlord herein, and it in turn paid the rent reserved in landlord’s lease to the major landlord.
Subsequently, the health condition of the landlord’s president improved to the extent that the corporation deemed it advisable in August and September, 1957 to acquire two additional stores, one in Albany and the other in Schenectady, necessitating full use of suite 918. And so, on December 20, 1957, the landlord herein caused to be served upon the tenant and undertenants a 30-day notice, terminating their tenancy as of January 31, 1958. The reason for the termination of the tenancy, as stated in the notice was that it desired the suite for its own use.
Rothfeld, in violation of the agreement with the landlord herein, retaliated by removing the landlord’s name from the door and from the directory without the knowledge or consent of the landlord herein, and changed the lock on the door. On December 21, 1957, one day after he was served with the 30-day notice, Rothfeld entered into a five-year lease with the major landlord for both suites 918 and 919, to commence on February 1,1958. Rothfeld admitted that he immediately thereafter rerented suite 919 at a higher rental to the same tenant who had been occupying that space, and also admitted that he, personally, does not use suite 918.
Let us examine the status of the parties. The landlord herein unquestionably became a statutory tenant upori the expiration of its last lease with the owner of the building (Jan. 31, 1958) by virtue of having first come into possession more than 15 years ago. The status of the subtenant, Rothfeld, is that of a decontrolled tenant, since he moved into suite 918 in 1956 on a month to month basis.
Rothfeld maintains, as his first defense, that the landlord herein is not in actual possession and is therefore not entitled to bring this proceeding (WMCA v. Blockfront Realty Corp., 194 Misc. 932, affd. 272 App. Div. 800). This defense is not *881 available to Bothfeld. He, as a subtenant, is not the one who can question the rights and liabilities existing between the landlord herein and its landlord. This defense, if it has any merit, is something which is available only to the major landlord by way of affirmative relief. However, no steps whatsoever have been taken by the owner against the landlord herein to secure a final order. Nor has the statutory tenancy of the landlord herein been disturbed or legally terminated. Furthermore, it is extremely doubtful whether the major landlord could be successful in sustaining such a claim. The landlord herein never quit or surrendered the premises when it sublet room 918 to the subtenant to a limited extent and when such subletting was with the consent of the major landlord, particularly when the agreement between the parties hereto provided that the landlord herein keep the address as the official address of the corporation, maintain its office chattels, records and possessions there, its name on the door and building directory, and retain unto itself free access to the space. Thus, the landlord herein had more than mere constructive possession and the right to collect rent from Bothfeld.
The defense that the landlord 1 ‘ has no lease written or otherwise ” is without merit. The landlord herein, upon expiration of its lease, acquired the status of a statutory holdover tenant on February 1, 1958, and became entitled to the protection of the emergency rent laws. As to the defense that “ the landlord herein has quit, removed from and surrendered the premises, ’ ’ the facts are to the contrary, as indicated above. Consequently, it did not forfeit its status as a statutory tenant and can be evicted only as provided for by the emergency rent laws.
■ As another defense, the subtenant urges that “ the Act does not permit a landlord who sublets a portion of the space to recover that space from the sublessee on the ground that he needs the space in good faith for his immediate and personal use ” (Trade Accessories v. Bellet, 184 Misc. 962, appeal dismissed 295 N. Y. 763; Blitzkreig Amusement Corp. v. Rubenstein, 184 Misc. 975; Hutchins v. Phillips, 277 App. Div. 1055; Knickman v. Rochfeld-Petri, 88 N. Y. S. 2d 346). These cases are inapplicable. Not being a statutory tenant, Bothfeld cannot claim the benefit of the emergency rent laws.
Next Bothfeld asserts as a defense the five-year lease executed between him and the major landlord effective February 1, 1958. It is the opinion of this court that the existence of such a lease cannot be interposed as a defense here. The 1957 amendment of the Business Bent Law (L. 1945, ch. 314, as amd.) permits and enables the bolder of a five-year lease to bring a proceeding *882 against a statutory tenant, such as the landlord herein, under certain conditions. This right, even if it could be interposed as a defense here, would fail because Eothfeld does not bring himself within the purview of the Appellate Term decision of Allied Graphic Arts v. Berkwit (169 N. Y. S. 2d 888). Among other things, Eothfeld rerented suite 919 for a profit, failed to prove the need for his immediate personal use or that of a subsidiary corporation, at least 90% of whose stock is owned by him, and, above all, his good faith is totally lacking.
The landlord, while not required, has satisfied the court with convincing evidence that it does in good faith need room 918 for its own immediate personal use, and that it once again needs this space for the checking, marking, entering and shipping of merchandise as needed from time to time to its three different stores (the same condition which existed prior to 1951). It is not necessary to make such a showing where the tenant, as here, is noneontrolled. In such a case, the landlord need only comply with section 1410 of the Civil Practice Act and section 232-a of the Eeal Property Law. Subdivision 1 of section 1410 is satisfactorily complied with if the petition alleges that “ the tenant holds over and continues in possession * * * after the expiration of his term without the permission of the landlord, ’ ’ and the allegation is proved. The landlord herein has properly proceeded in accordance therewith and has served the usual form of a 30-day notice (that landlord elects to terminate the tenancy now held under a monthly hiring and that unless the tenant removes by the certain declared expiration date, the landlord will commence summary proceedings). The typewritten portion (indicating the reason that the landlord seeks the premises in good faith for its own use) was entirely superfluous, where the tenant, such as Eothfeld here, was not a statutory tenant. This additional unnecessary assertion is not a fatal defect and does not make either the 30-day notice or the petition jurisdietionally def ective because of the inclusion of superfluous matter.
Finally, the defense that “ the petitioner has failed to pay or offer to pay rent to the major landlord ” does not raise a triable issue in this proceeding. This is a matter between the landlord and its major landlord.
In view of all the foregoing, a final order is hereby rendered in favor of the landlord herein against the tenant Eothfeld and his undertenants. The granting of a stay of the issuance of the warrant is discretionary. The tenant has exhibited an utter disregard for the rights of others. He obtained permission from his landlord to move into suite 918 in 1956 because he had been *883 its accountant. He demonstrated his ‘ ‘ gratitude ’ ’ in various ways. He removed the landlord’s name from the door without consent, denied the landlord rightful access by changing the lock and, surreptitiously, behind the back of his former client, obtained the five-year lease from the major landlord, which he now flashes and waves in the face of the landlord’s president as a fourth, separate and distinct defense. He did all this while the lease of the landlord herein with its landlord was still in full force and effect and with full knowledge that no proceeding had been brought by the major landlord to legally terminate the tenancy of the landlord herein. He took the law into his own hands and must assume the risks thereof. His attitude and conduct do not justify nor merit any additional consideration. He has truly exemplified the adage that 11 there is no greater sin than ingratitude.” And his actions have been such as to indicate that he is attempting to do his share of making this a “ dog eat dog” world. He has already obtained two extra months by failing to comply with the 30-day notice. Under all the circumstances, no further delay is tolerable. Hence, no stay is granted and the warrant may issue forthwith.